IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD M. CAULKER,                         :
                                            :
            Petitioner,                     :   CIVIL NO. 3:CV-08-1877
                                            :
      vs.                                   :   (JUDGE VANASKIE)
                                            :
ALBERTO GONZALES, et al.,                   :
                                            :
            Respondents.                    :

M E M O R A N D U M

      Richard M. Caulker, presently a detainee of the United States Bureau of Immigration

and Customs Enforcement ("ICE"), incarcerated at the Pike County Prison, Pennsylvania, filed

the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 10, 2008.

Along with his petition, Caulker filed an application seeking leave to proceed in forma pauperis

in this matter.  (Dkt. Entry 2.)  For the reasons set forth below, Caulker will be granted in forma

pauperis status for the sole purpose of filing the instant petition, and the petition will be referred

to ICE as a request for review under 8 C.F.R. § 241.13.

I.    Background

      Caulker, a native of Sierra Leone and a citizen of Guinea, is subject to a final order of

removal from the United States dated April 8, 2008.  He did not appeal the removal order.  He

states that he has remained in ICE custody since that time and alleges that his prolonged

detention in ICE custody violates his constitutional rights because his removal is not reasonably foreseeable.  He is seeking his immediate release.

II.     Discussion

Detention, release, and removal of aliens is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of the following:
>
> (i)   The date the order of removal becomes administratively final.
>
> (ii)   If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & (6).

8 U.S.C. § 1231.  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the Untied States.  It does not permit indefinite detention."  Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish uniformity in the federal courts, a period of six months was recognized as

2

a "presumptively reasonable period of detention." Id. at 701.  If, at the conclusion of the six

month period, the alien provides good reason to believe that there is no significant likelihood of

deportation in the reasonably foreseeable future, the burden shifts to the government to

"respond with evidence sufficient to rebut that showing." Id.  Not every alien must be released

after six months.  An alien may still be detained beyond six months "until it has been

determined that there is no significant likelihood of removal in the reasonably foreseeable

future." Id.

Regulations have been promulgated to meet the criteria established by the Supreme

Court in Zadvydas.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety day

removal period, the district director shall conduct a custody review for an alien where the alien's

removal cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(1)(I).

When release is denied pending the removal, the district director may retain responsibility for

custody determinations for up to three months, or refer the alien to the Headquarters Post

Order Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.4(k)(1)(ii).  Once

jurisdiction is transferred, an eligible alien may submit a written request for release to the

HQPDU, asserting the basis for the alien's belief that there is no significant likelihood that he

will be removed in the reasonably foreseeable future.  8 C.F.R. § 241.13.(d)(1).

Caulker was given the initial custody review and was denied release.  (Dkt. Entry 1, Pet.,

Ex. B, Decision to Continue Detention.)   The jurisdiction to make a determination concerning

his custody now lies with the HQPDU.  It is apparent from Caulker's petition and the exhibits attached thereto that although he has submitted two (2) written requests to ICE asserting his belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future, the HQPDU has not provided him with a further custody review.  (Id., Ex. D.)  Consequently, ICE will be ordered to treat Caulker's petition as a request for release under under 8 C.F.R. § 241.13.  ICE shall respond to the request within thirty (30) days.  In light of the referral of this matter for disposition under existing review procedures, Caulker's petition will be denied, without prejudice to his right to seek relief in this Court if the administrative review process is unsuccessful.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD M. CAULKER,                       :
                                          :
            Petitioner,                   :    CIVIL NO. 3:CV-08-1877
                                          :
      vs.                                 :    (JUDGE VANASKIE)
                                          :
ALBERTO GONZALES, et al.,                 :
                                          :
            Respondents.                  :

## O R D E R

_____NOW, THIS 16th DAY OF OCTOBER, 2008, in accordance with the accompanying

Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1.    Petitioner's application to proceed in forma pauperis (Dkt. Entry 2) is granted for the sole purpose of filing this action.

2.    ICE shall treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13.  ICE shall provide Petitioner with a response to his request within thirty (30) days.

3.    The Clerk of Court is directed to serve a copy of the petition and this order on Respondents and the United States Attorney.

4.    The petition for writ of habeas corpus is denied.

5.    The Clerk of Court is directed to mark this matter closed.

                              s/ Thomas I. Vanaskie
                              Thomas I. Vanaskie
                              United States District Judge